| | | |
|---|---|---|
| **NOVA SERVICES INC.**, <br> A Maryland Corporation <br> 2500 Grays Road <br> Dundalk, Maryland 21222 <br><br> Plaintiff, <br><br> v. <br><br> **RECLEIM NOVA, LLC,** <br> A Delaware Limited Liability Company <br> 34 Old Ivy Road, Suite 200 <br> Atlanta, Georgia 30342 <br><br> **Serve on Resident Agent:** <br> The Corporation Trust Incorporated <br> 2405 York Road, Ste. 201 <br> Timonium, Maryland 21093 <br><br> and <br><br> **RECLEIM, LLC,** <br> A Delaware Limited Liability Company <br> 34 Old Ivy Road, Suite 200 <br> Atlanta, Georgia 30342 <br><br> **Serve on Resident Agent:** <br> The Corporation Trust Incorporated <br> 2405 York Road, Ste. 201 <br> Timonium, Maryland 21093 <br><br> and <br><br> **BLUE GRANITE LOGISTICS, LLC,** <br> A Delaware Limited Liability Company <br> 125 Marshall Street <br> Graniteville, South Carolina 29223 <br><br> **Serve on Resident Agent:** <br> CT Corporation System <br> 2 Office Park Court, Suite 103 <br> Columbia, South Carolina 29223 <br><br> and | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | IN THE <br><br> CIRCUIT COURT <br><br> FOR <br><br> BALTIMORE COUNTY <br><br> C-03-CV-20-002957 <br> Case Number: _____ <br><br><br><br> **COMPLAINT** |

**LL SEA INVESTMENTS, LLC,**        *
A Georgia Limited Liability Company
34 Old Ivy Road, Suite 200          *
Atlanta, Georgia 30342
                                    *
**Serve on Resident Agent:**
Pete Davis                          *
34 Old Ivy Road, Suite 200
Atlanta, Georgia 30342              *

        Defendants.        *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOVA SERVICES INC., Plaintiff, by its attorneys, Michael Paul Smith, Stephen J. Nolan, Carmelo D. Morabito and Smith, Gildea & Schmidt, LLC, sues the Defendants, RECLEIM NOVA, LLC, a Delaware Limited Liability Company, RECLEIM, LLC, a Delaware Limited Liability Company, BLUE GRANITE LOGISTICS, LLC, a Delaware Limited Liability Company, and LL SEA INVESTMENTS, LLC, a Georgia Limited Liability Company, on the following causes of action. On this same date, Plaintiff is filing a Request for Writ of Attachment Before Judgment and a supporting Affidavit, in accordance with the provisions of Maryland Rule 2-115 and Md. Ann. Code, Courts and Judicial Proceedings Article ("CJ") §3-303(e).[1]

### Introduction

1.    In addition to the breach of contract and fraud action pled below, Plaintiff Nova Services Inc. (sometimes "Nova Services" or "Creditor") seeks legal and equitable relief against the Defendants, which have acted in concert to defraud Nova Services by engaging in fraudulent

---

[1] *See* **Exhibit A** to Request for Writ of Attachment Before Judgment, i.e. Affidavit of Guy T. Naylor, Nova Services Inc.' President and a former employee of Defendant Recleim Nova, LLC. All ¶ cites are references to numbered paragraphs of Mr. Naylor's Affidavit dated July 31, 2020.

conveyances in violation of the Maryland Uniform Fraudulent Conveyance Act, Md. Ann. Code Commercial Law Article ("CL") §15-201 *et seq.*

2. Since at least December 31, 2019, Defendant Recleim Nova, LLC ("Recleim Nova"), a Delaware limited liability company with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia, has owed and it still owes Nova Services the sum of $3,449,567.71, pursuant to a certain Asset Purchase Agreement ("APA") described below. ¶ 17. The APA was entered into by Nova Services, Recleim Nova, and its parent, Recleim LLC ("Recleim"), a Delaware limited liability company also with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia, effective as of May 5, 2017. *Id.*

3. Since about February of this year, Defendant Recleim Nova has assigned, conveyed, and in some instances removed from the State of Maryland, valuable assets with the intent and effect of rendering Recleim Nova insolvent so as to defraud its creditors, including Nova Services. ¶¶ 18, 21. This Court's issuance of a writ of attachment before judgment will prevent the Defendants from continuing to assign, dispose of, conceal or remove out of state additional assets belonging to the Debtor, Recleim Nova, in furtherance of Defendants' actions to defraud Plaintiff Nova Services. ¶ 25.

### Jurisdiction and Venue

4. Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3) and (b)(4), this Court may exercise personal jurisdiction over the Defendants because they are persons who directly caused tortious injuries to the Plaintiff in Maryland by acts and omission in and outside this State. Throughout all relevant times, Defendants Recleim Nova and Recleim have regularly done or solicited business in Maryland, engaged in other persistent conduct in Maryland, including, but not limited to, operating an appliance recycling business in Maryland, and they

have derived substantial revenue from goods and services used in Maryland.

5. Pursuant to Cts. & Jud. Proc. §§ 6-201(a) and 6-202(9), venue is proper in Baltimore County, Maryland, because Defendant Recleim Nova regularly does business in Baltimore County and the property which is the subject of the fraudulent conveyance action and the attachment before judgment are located in Baltimore County, Maryland.

## Statement of Facts Common To All Counts

6. On October 30, 2000, Guy Naylor formed Nova Services Inc. ("Nova Services"), a Maryland corporation in good standing, with its principal office located at 2500 Grays Road, Dundalk, Maryland 21222. Mr. Naylor owns 100% of the stock of Nova Services. ¶ 2. Over the next 17 years, Nova Services grew into a multi-million dollar appliance recovery and recycling business with customers such as Lowe's Home Centers, LLC, BGE Home and other major retailers who sell refrigerators, freezers and other household appliances.

7. On June 17, 2016, Plaintiff Nova Services received a proposal from Recleim to purchase substantially all of Nova Services' assets. Recleim then had, and it continues to operate, its "flagship" plant in Graniteville, South Carolina. Recleim's website states that it "provides collection, transportation, demanufacturing[2] and resource recovery services for end-of-life appliances and converts the appliances and other items into commodities such as plastic, aluminum, copper, steel and pelletized foam, which are then sold for reuse."

8. Recleim's offered purchase price was based on its assessment that Nova Services' business had an "Enterprise Value" of $7,000,000.00. ¶ 5.

9. On October 7, 2016, Recleim caused Recleim Nova to register to do business in the state of Maryland. ¶6.

---

[2] Demanufacturing refers to a process by which consumer appliances and electronics are dismantled and valuable materials are recovered in an environmentally sound manner.

10. Negotiations relating to the acquisition terms and Recleim's due diligence process culminated in the execution of the APA described above.

11. As part of the transaction, Mr. Naylor entered into an Employment Agreement dated as of May 5, 2017, to work in the position of General Manager of Recleim Nova's Dundalk, Maryland operations. ¶ 8. Mr. Naylor held that position until his employment was constructively terminated on May 5, 2020. *Id.*

12. From May 5, 2017, until March 28, 2018, Recleim and Recleim Nova performed the terms of the APA.

13. However, on April 3, 2018 and in accordance with the terms of the APA, Mr. Naylor sent a letter, as President of Nova Services, to the attention of Pete Davis, the managing principal of Recleim Nova. ¶ 10. Mr. Davis is also the managing principal of a private equity investment firm known as Peachtree Investments Solutions, LLC ("Peachtree"), which he formed in 2008 to advise businesses, raise money for "tax-advantaged" investments and acquire the assets of companies like Nova Services. In fact, following its purchase of Nova Services' Dundalk-based business, Recleim and Mr. Davis orchestrated leveraged buyouts of recycling plants in Philadelphia, Pennsylvania and Lima, Ohio.

14. Nova Services' April 3, 2018 letter notified Recleim Nova that it had breached the APA and it requested that Recleim Nova cure its breach. Upon receiving the letter, Mr. Davis complained to Mr. Naylor that he had sent the formal notice of default as required by the terms of the APA. Mr. Davis assured Mr. Naylor that he would take such actions as would be necessary for Recleim Nova to cure its breach and fulfill its obligations under the APA. ¶ 11. In fact, Recleim did not cure its breach of the APA.

15. Despite Nova Services' repeated requests for audited financial statements as

required by the APA, neither Recleim Nova nor Mr. Davis delivered on their assurances to provide the same. Instead, Mr. Naylor discovered that Recleim had misallocated expenses relating to the operations of its Philadelphia and other facilities to Recleim Nova. ¶ 12. By manipulating Recleim Nova's books and overburdening it with improper expenses, Recleim and Mr. Davis reduced Recleim Nova's net revenues and impaired its ability to pay the over $3.4 million balance of the purchase price due to Nova Services. *Id.*

16. Recleim and Recleim Nova breached the APA in other respects, including, but not limited to, failing to pay certain liabilities Recleim Nova had assumed under the APA and other debts incurred by Recleim Nova unrelated to Nova Services. As a direct result of Recleim Nova's default and failure to pay its bills, its creditors began suing Nova Services to collect debts owed by Recleim Nova. ¶ 13.

17. On or about September 16, 2019, Whit's Corporation sued Recleim Nova and Nova Services for $68,930.00 in the Circuit Court of St. Louis County, Missouri (Case no. 19SL-CC04053) for goods and services Whit's Corporation provided to Recleim Nova. ¶ 14. Mr. Davis promised to defend Nova Services and pay the debt; however, that did not occur and Recleim Nova's failure to defend the suit caused judgment to be entered in that case against Nova Services for $68,930.00. *Id.*

18. On December 17, 2019, as a direct result of Recleim Nova's failure to timely pay $59,316.46 owed to Abrava Way, Inc., Nova Services was named as a co-defendant in a trespass and non-payment of rent action brought by Abrava Way, Inc. in the District Court of Providence Plantations, Rhode Island (Civil Action No. 3CA-2019-12455). ¶ 15. Once again, Mr. Naylor complained to Pete Davis that Recleim and Recleim Nova were destroying Mr. Naylor's good credit history and Nova Services' good credit standing. *Id.*

19. During the period from at least July 2019 through and including the date of this Affidavit, Recleim Nova has caused Nova Services to be billed and dunned due to Recleim Nova's failure to pay its debts as they come due, including, but not limited to, $1,309.95 which was owed to M & G Materials Handling Co. of East Providence, R.I. as of July 2, 2019; $522.31 which was owed to Service Tire Truck Centers of Bethlehem, PA. as of December 5, 2019; $1,652.00 which was owed to Pinnacle Heating & Air Conditioning, Inc. as of December 31, 2019; $13,466.40 which was owed to McClung-Logan Equipment Co. of Baltimore, MD. as of January 17, 2020; $534.29which was owed to Cox Business for services provided to Recleim Nova at its Lincoln, R.I. facility; and $1,214.70 and $4,609.03 which amounts were owed to BG & E for services provided to Recleim Nova under two separate accounts. ¶ 16. Plaintiff Nova Services had no legal responsibility for any of the foregoing billings. *Id.*

20. On more than one occasion in 2020, Mr. Davis has spoken about transferring some of Recleim Nova's assets to a company called "Blue Granite." ¶ 18. Mr. Naylor told Mr. Davis that it was not proper to gradually strip Recleim Nova of its assets. *Id.*

21. On or about July 27, 2020, Mr. Naylor discovered that on February 3, 2020, Mr. Davis caused Blue Granite Logistics, LLC ("Blue Granite") to be formed as a Delaware limited liability company. ¶ 19. On February 7, 2020, Mr. Davis signed and filed an application with the South Carolina Secretary of State for a Certificate of Authority for Blue Granite to transact business in South Carolina. (*see* "Exhibit 1" attached to Mr. Naylor's Affidavit[3]). *Id.* Recleim and Blue Granite have facilities and/or offices in Graniteville, South Carolina. Defendant LL Sea Investments LLC ("LL Sea") is identified on Mr. Davis' Application as the manager of Blue Granite. with the same address of Recleim, Recleim Nova and Peachtree, that is 34 Old Ivy Road

---

[3] Copy of Application For A Certificate of Authority for Blue Granite Logistics, LLC, certified by Secretary of State of South Carolina.

NE, Suite 200, Atlanta, Georgia. *See* p. 2 of Exhibit 1 to Mr. Naylor's Affidavit, which is attached as Exhibit A to Plaintiff's Request for an Order directing the issuance of a writ of attachment before judgment against the Defendants.

22. On May 5, 2020, Mr. Naylor, as President of Nova Services, sent a notice of breach letter to Recleim Nova and Mr. Davis. (*see* "Exhibit 2" attached to Mr. Naylor's Affidavit). ¶ 20. Among other breaches of the APA described in the notice letter was Recleim's failure to satisfy liabilities arising from Recleim Nova's business operations, including the court cases described in paragraphs 17 and 18 above. *Id.* Nova Services' letter warned Recleim Nova and Mr. Davis that any transfer or encumbrance of assets would likely render Recleim Nova insolvent and any such transactions would constitute a violation of the Uniform Fraudulent Transfer Act. *Id.*

23. Since sending Nova Services' May 5, 2020 notice of breach, Nova Services' President, Mr. Naylor, discovered that Mr. Davis caused Recleim Nova to assign, convey and/or remove from the State of Maryland valuable assets with the intent and effect of rendering Recleim Nova insolvent so as to defraud its creditors, including Nova Services. ¶ 21. As of July 31, 2020, Recleim Nova has already removed assets from the State of Maryland to Recleim's Philadelphia, Pennsylvania facility, including at least 20 van trailers (both 48 foot trailers and 53 foot trailers), each of which has a value of approximately $2,000.00. *Id.* At the time, Recleim Nova conveyed and/or removed those assets, it was and continues to be insolvent.

24. On July 2, 2020, Nova Services' attorneys, Smith, Gildea & Schmidt, LLC, sent a notice of default letter to Recleim Nova and Mr. Davis concerning Recleim Nova's breach of the APA. (*see* "Exhibit 3" attached to Mr. Naylor's Affidavit[4]). ¶ 22. The letter also notified

---

[4] Letter dated July 2, 2020, from Stephen J. Nolan, Esquire addressed to Recleim Nova, LLC and

Recleim Nova that conveyances made or created by it were in violation of the Maryland Uniform Fraudulent Conveyances Act and the Delaware Uniform Fraudulent Transfer Act. *Id.* Demand was made for Recleim Nova to provide Nova Services' attorneys with a complete description of all conveyances made by, and all property received by Recleim from, Recleim Nova so that arrangements could be made for the return of all such property. *Id.*

25. As of July 31, 2020, Recleim Nova has failed to furnish Nova Services' attorneys with a response to their July 2, 2020 letter. ¶ 23.

26. Nova Services' attorneys also sent a letter on behalf of Nova Services to Blue Granite Freight, LLC of Graniteville, South Carolina, on July 2, 2020, cautioning it about accepting conveyances from Recleim Nova or transferring to third parties property it received from Recleim Nova. ¶ 24. Upon information and belief, Blue Granite Freight, LLC is affiliated with Blue Granite Logistics, LLC and controlled by Pete Davis or Peachtree. *Id.* As of July 31, 2020, Nova Services' attorneys have not received a response from Blue Granite Freight, LLC. *Id.*

27. Having already removed 20 van trailers to Philadelphia, Recleim Nova is likely to assign, dispose of, conceal, or remove the following property or a portion of it from the state of Maryland with the intent to defraud Nova Services and its other creditors:

> CAT 320 Excavator with an approximate value of $15,000.00
> Volvo L120 Loader with an approximate value of $20,000.00
> 1 Horizontal baler with an approximate value of $25,000.00
> 1 Horizontal baler with an approximate value of $10,000.00
> At least 10 Downstroke balers with an approximate value of $2,000.00 each
> 1   Shear Shredder with an approximate value of $10,000.00
> 2   Styrofoam densifiers with an approximate value of $10,000.00 each. ¶ 25.

28. The above-described property is located in a part of the warehouse and storage space previously leased by Recleim Nova at 2500 Grays Road, Dundalk, Maryland. Recleim

Mr. Pete Davis, Manager.

Nova owes its former landlord over $167,882.23 of unpaid rent according to a Petition filed in the District Court of Maryland for Baltimore County on July 21, 2020. ¶ 26.

29. As established by facts contained in the Affidavit of Guy T. Naylor, Plaintiff Nova Services will sustain immediate, substantial and irreparable harm unless this Court grants relief necessary to prevent the Defendants from removing the property described in paragraph 27 out of the State of Maryland.

30. As the direct and proximate result of the intentional and fraudulent acts of the Defendants, Plaintiff Nova Services has sustained damages and losses in excess of the $3,449,567.71 that Recleim Nova owes under to the May 5, 2017 Asset Purchase Agreement.

## COUNT ONE
*(Action Against All Defendants to Set Aside and Annul Fraudulent Conveyances)*

31. Plaintiff Nova Services Inc hereby incorporates by reference the statements contained in Paragraphs 1 through 30 as if the same were fully set forth in this First Count.

32. As defined in CL § 15-201, "'Conveyance' includes every payment of money, assignment, release, transfer, lease, mortgage, or pledge of tangible or intangible property, and also the creation of any lien or encumbrance."

33. Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of CL § 15-204, Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Reclaim Nova's assets, without fair consideration and/or when either Recleim Nova was insolvent or it was rendered insolvent as a result of such transfers.

34. Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of CL § 15-205, Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Reclaim Nova's

assets, as a result of which transaction the property remaining in the hands of Recleim Nova was an unreasonably small capital.

35. Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of CL § 15-206, Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Reclaim Nova's assets and/or incurred obligations, without fair consideration, and/or Defendants either knew or should have known that burdening Recleim Nova with such obligations was fraudulent as to Nova Services because such obligations were beyond Recleim Nova's ability to pay them as they matured.

36  Defendant Blue Granite Logistics, LLC is neither a bona fide purchaser of Recleim Nova's assets nor a bona fide creditor of Recleim Nova, because all transactions between Blue Granite and Recleim Nova lacked fair consideration and Blue Granite had knowledge of the fraud committed by Recleim Nova, Recleim and Pete Davis at the time of Blue Granite's purchase of assets or at the time it extended credit to Recleim Nova.

37. Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Reclaim Nova's assets with actual intent to hinder, delay and defraud Nova Services in violation of CL § 15-207.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against the Defendants, Recleim Nova, LLC, Recleim LLC and Blue Granite Logistics, LLC, setting aside and annulling all such conveyances, and appoint a receiver or trustee to carry out such actions as the Court deems necessary to implement its judgment, and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus post-judgment interest and costs.

## COUNT TWO
*(Breach of Contract Action v. Defendants Recleim and Recleim Nova)*

38. Plaintiff Nova Services Inc hereby incorporates by reference the statements contained in Paragraphs 1 through 30 as if the same were fully set forth in this Second Count.

39. Plaintiff duly performed all of its obligations under the Asset Purchase Agreement described above. Nevertheless, Defendants Recleim and Recleim Nova, without just cause or excuse, materially breached the APA by failing to pay Nova Services the balance of the purchase price of $3,449,567.71, by failing to provide Nova Services with audited financial statements for Recleim Nova for the tax years of 2018 and 2019, and by failing to hold Nova Services harmless from obligations that Recleim Nova had either assumed or for which it was solely and legally responsible.

40. As a direct and proximate result of said breaches by Defendants Recleim and Recleim Nova, Plaintiff Nova Services has been caused to sustain losses of more than of $3,449,567.71.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against Defendants Recleim Nova, LLC and Recleim LLC and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre- and post-judgment interest and costs.

## COUNT THREE
*(Fraud Action v. All Defendants)*

41. Plaintiff Nova Services Inc hereby incorporates by reference the statements contained in Paragraphs 1 through 30 as if the same were fully set forth in this Third Count.

42. Defendants, and each of them, have acted intentionally and maliciously to defraud and deceive Nova Services and to hide and conceal Recleim Nova's assets as described in paragraphs 21 and 23.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against Defendants Recleim Nova, LLC, Recleim LLC and Blue Granite Logistics, LLC and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00, plus pre- and post-judgment interest and costs.

August 3, 2020

/s/ *Michael Paul Smith*
Michael Paul Smith  (CPF 9212170165)
Stephen J. Nolan     (CPF7706010161)
Carmelo Morabito (CPF 1712140062)
**Smith, Gildea & Schmidt, LLC**
600 Washington Avenue, Suite 200
Towson, Maryland 21204
Telephone: 410-821-0070
Facsimile: 410-821-0071
mpsmith@sgs-law.com
snolan@sgs-law.com
cmorabito@sgs-law.com

*Attorneys for Plaintiff*
*Nova Services Inc.*