IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NOVA SERVICES INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:20-cv-02773-RDB |
| RECLEIM NOVA, LLC, et al., | * | |
| | * | |
| Defendants. | * | |

**DEFENDANTS RECLEIM NOVA, LLC, RECLEIM, LLC,
BLUE GRANITE LOGISTICS, LLC, AND LL SEA INVESTMENTS, LLC'S
ANSWER TO THE COMPLAINT AND COUNTERCLAIM**

Recleim Nova, LLC, Recleim, LLC, Blue Granite Logistics, LLC, and LL Sea Investments, LLC ("Defendants"), by and through counsel, hereby submit this Answer and Defenses to the Complaint of Plaintiff Nova Services, Inc. ("Plaintiff"), and respectfully show the Court as follows:

**INTRODUCTION**

1.

In addition to the breach of contract and fraud action pled below, Plaintiff Nova Services Inc. (sometimes "Nova Services" or "Creditor") seeks legal and equitable relief against the Defendants, which have acted in concert to defraud Nova Services by engaging in fraudulent conveyances in violation of the Maryland Uniform Fraudulent Conveyance Act, Md. Ann. Code Commercial Law Article ("CL") §15-201 *et seq.*

**RESPONSE:** Defendants admit only that the Plaintiff purports to seek the relief stated.

Defendants deny engaging in wrongful conduct and that Plaintiff is entitled to any relief.

2.

Since at least December 31, 2019, Defendant Recleim Nova, LLC ("Recleim Nova"), a Delaware limited liability company with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia, has owed and it still owes Nova Services the sum of $3,449,567.71, pursuant to

a certain Asset Purchase Agreement ("APA") described below. ¶17. The APA was entered into by Nova Services, Recleim Nova, and its parent, Recleim LLC ("Recleim"), a Delaware limited liability company also with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia, effective as of May 5, 2017. *Id.*

**RESPONSE:** Defendants deny that Recleim Nova, LLC ("Recleim Nova"), a Delaware limited liability company with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia has owed and still owes Nova Services the sum of $3,499,567.71, pursuant to a certain Asset Purchase Agreement ("APA"). Defendants admit that the APA was entered into by Nova Services, Recleim Nova, and its parent, Recleim, LLC ("Recleim"), a Delaware limited liability company also with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia, effective as of May 5, 2017.

3.

Since about February of this year, Defendant Recleim Nova has assigned, conveyed, and in some instances removed from the State of Maryland, valuable assets with the intent and effect of rendering Recleim Nova insolvent so as to defraud its creditors, including Nova Services. ¶¶ 18, 21. This Court's issuance of a writ of attachment before judgment will prevent the Defendants from continuing to assign, dispose of, conceal or remove out of state additional assets belonging to the Debtor, Recleim Nova, in furtherance of Defendants' actions to defraud Plaintiff Nova Services. ¶25.

**RESPONSE:** Defendants deny the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.

Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3) and (b)(4), this Court may exercise personal jurisdiction over the Defendants because they are persons who directly caused tortious injuries to the Plaintiff in Maryland by acts and omission in and outside this State. Throughout all relevant times, Defendants Recleim Nova and Recleim have regularly done or solicited business in Maryland, engaged in other persistent conduct in Maryland, including, but not limited to, operating an appliance recycling business in Maryland, and they have derived substantial revenue from goods and services used in Maryland.

**RESPONSE:** Defendants deny that pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3) and (b)(4), this Court may exercise personal jurisdiction over the Defendants because

they directly caused tortious injuries to the Plaintiff in Maryland by acts and omission in and outside this State. Defendants admit that Defendants Recleim Nova and Recleim have done or solicited business in Maryland during certain relevant periods, including operating an appliance recycle business in Maryland, and they have derived revenue from goods and service used in Maryland. Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

5.

Pursuant to Cts. & Jud. Proc. 5. §§ 6-201(a) and 6-202(9), venue is proper in Baltimore County, Maryland, because Defendant Recleim Nova regularly does business in Baltimore County and the property which is the subject of the fraudulent conveyance action and the attachment before judgment are located in Baltimore County, Maryland.

**RESPONSE:** Defendants deny the allegations in Paragraph 5 of the Complaint.

### STATEMENT OF FACTS COMMON TO ALL COUNTS

6.

On October 30, 2000, Guy Naylor formed Nova Services Inc. ("Nova Services"), a Maryland corporation in good standing, with its principal office located at 2500 Grays Road, Dundalk, Maryland 21222. Mr. Naylor owns 100% of the stock of Nova Services. ¶ 2. Over the next 17 years, Nova Services grew into a multi-million dollar appliance recovery and recycling business with customers such as Lowe's Home Centers, LLC, BGE Home and other major retailers who sell refrigerators, freezers and other household appliances.

**RESPONSE:** Defendants are without knowledge of the allegations in Paragraph 6 of the Complaint and therefore deny the allegations.

7.

On June 17, 2016, Plaintiff Nova Services received a proposal from Recleim to purchase substantially all of Nova Services' assets. Recleim then had, and it continues to operate, its "flagship" plant in Graniteville, South Carolina. Recleim's website states that it "provides collection, transportation, demanufacturing and resource recovery services for end-of-life appliances and converts the appliances and other items into commodities such as plastic, aluminum, copper, steel and pelletized foam, which are then sold for reuse."

**RESPONSE:** Defendants admit that on June 17, 2016, Plaintiff received a proposal from Recleim to purchase substantially all of Nova Services' assets. Defendants admit that a subsidiary

of Recleim then had, and currently operates, its "flagship" plant in Graniteville, South Carolina. Defendants admit that Recleim's website states that it "provides collection, transportation, demanufacturing and resource recovery services for end-of-life appliances and converts the appliances and other items into commodities such as plastic, aluminum, copper, steel and pelletized foam, which are then sold for reuse." Defendants deny any remaining allegations in Paragraph 7 of the Complaint.

8.

Recleim's offered purchase price was based on its assessment that Nova Services' business had an "Enterprise Value" of $7,000,000.00. ¶ 5.

**RESPONSE:** Defendants deny the allegations in Paragraph 8 of the Complaint.

9.

On October 7, 2016, Recleim caused Recleim Nova to register to do business in the state of Maryland. ¶6.

**RESPONSE:** Defendants admit the allegations in Paragraph 9 of the Complaint.

10.

Negotiations relating to the acquisition terms and Recleim's due diligence process culminated in the execution of the APA described above.

**RESPONSE:** Defendants deny the allegations in Paragraph 10 of the complaint.

11.

As part of the transaction, Mr. Naylor entered into an Employment Agreement dated as of May 5, 2017, to work in the position of General Manager of Recleim Nova's Dundalk, Maryland operations. ¶ 8. Mr. Naylor held that position until his employment was constructively terminated on May 5, 2020. *Id.*

**RESPONSE:** Defendants admit that as part of the transaction, Mr. Naylor entered into an Employment Agreement dated as of May 5, 2017, to work in the position of General Manager. Defendants deny that this position was limited to Recleim Nova's Dundalk, Maryland operations. Defendants deny that Mr. Naylor held that position until his employment was constructively

terminated on May 5, 2020.

12.

From May 5, 2017, until March 28, 2018, Recleim and Recleim Nova performed the terms of the APA.

**RESPONSE:** Defendants admit that from May 5, 2017 until March 28, 2018, Recleim and Recleim Nova performed the terms of the APA. Defendants deny to the extent this suggest a lack of performance by Recleim and Recleim Nova since March 28, 2018.

13.

However, on April 3, 2018 and in accordance with the terms of the APA, Mr. Naylor sent a letter, as President of Nova Services, to the attention of Pete Davis, the managing principal of Recleim Nova. ¶10. Mr. Davis is also the managing principal of a private equity investment firm known as Peachtree Investments Solutions, LLC ("Peachtree"), which he formed in 2008 to advise businesses, raise money for "tax-advantaged" investments and acquire the assets of companies like Nova Services. In fact, following its purchase of Nova Services' Dundalk-based business, Recleim and Mr. Davis orchestrated leveraged buyouts of recycling plants in Philadelphia, Pennsylvania and Lima, Ohio.

**RESPONSE:** Defendants admit that Mr. Naylor sent a letter, as President of Nova Services, to the attention of Pete Davis, the managing principal of Recleim Nova, on April 3, 2018. Defendants admit that Mr. Davis is also the managing principal of a private equity investment firm known as Peachtree Investments Solutions, LLC ("Peachtree"), which he formed in 2008 to advise businesses, raise money for "tax-advantaged" investments and acquire the assets of certain companies. Defendants admit that following its purchase of Nova Services' Dundalk-based business, Recleim and Mr. Davis engaged in leveraged buyouts of recycling plants in Philadelphia, Pennsylvania and Lima, Ohio. Defendants deny any wrongdoing or that the above facts support any request for relief and any remaining allegations of Paragraph 13 of the Complaint.

14.

Nova Services' April 3, 2018 letter notified Recleim Nova that it had breached the APA and it requested that Recleim Nova cure its breach. Upon receiving the letter, Mr. Davis complained to Mr. Naylor that he had sent the formal notice of default as required by the terms of

the APA. Mr. Davis assured Mr. Naylor that he would take such actions as would be necessary for Recleim Nova to cure its breach and fulfill its obligations under the APA. ¶11. In fact, Recleim did not cure its breach of the APA.

**RESPONSE:** Defendants admit that Nova Services' April 3, 2018 letter notified Recleim Nova that it had breached the APA and it requested that Recleim Nova cure its breach. Defendants deny that upon receiving the letter, Mr. Davis complained to Mr. Naylor that he had sent the formal notice of default as required by the terms of the APA. Defendants deny that Mr. Davis assured Mr. Naylor that he would take such actions as would be necessary for Recleim Nova to cure its breach and fulfill its obligations under the APA. Defendants deny that Recleim did not cure its breach of the APA, as Defendants deny any breach. Defendants deny any remaining allegations of Paragraph 14 of the Complaint.

15.

Despite Nova Services' repeated requests for audited financial statements as required by the APA, neither Recleim Nova nor Mr. Davis delivered on their assurances to provide the same. Instead, Mr. Naylor discovered that Recleim had misallocated expenses relating to the operations of its Philadelphia and other facilities to Recleim Nova, ¶12. By manipulating Recleim Nova's books and overburdening it with improper expenses, Recleim and Mr. Davis reduced Recleim Nova's net revenues and impaired its ability to pay the over $3.4 million balance of the purchase price due to Nova Services. *Id.*

**RESPONSE:** Defendants deny the allegations in Paragraph 15 of the Complaint.

16.

Recleim and Recleim Nova breached the APA in other respects, including, but not limited to, failing to pay certain liabilities Recleim Nova had assumed under the APA and other debts incurred by Recleim Nova unrelated to Nova Services. As a direct result of Recleim Nova's default and failure to pay its bills, its creditors began suing Nova Services to collect debts owed by Recleim Nova, ¶13.

**RESPONSE:** Defendants deny the allegations in Paragraph 16 of the Complaint.

17.

On or about September 16, 2019, Whit's Corporation sued Recleim Nova and Nova Services for $68,930.00 in the Circuit Court of St. Louis County, Missouri (Case no. 19SLCC04053) for goods and services Whit's Corporation provided to Recleim Nova. ¶14. Mr.

Davis promised to defend Nova Services and pay the debt; however, that did not occur and Recleim Nova's failure to defend the suit caused judgment to be entered in that case against Nova Services for $68,930.00. *Id.*

**RESPONSE:** Defendants admit that on or about September 16, 2019, Whit's Corporation sued Recleim Nova and Nova Services for $68,930.00 in the Circuit Court of St. Louis County, Missouri (Case no. 19SLCC04053) for goods and services Whit's Corporation provided to Recleim Nova. Defendants deny that Mr. Davis promised to defend Nova Services and pay the debt. Defendants deny that Recleim Nova's failure to defend the suit caused judgment to be entered in that case against Nova Services for $68,930.00.

18.

On December 17, 2019, as a direct result of Recleim Nova's failure to timely pay $59,316.46 owed to Abrava Way, Inc., Nova Services was named as a co-defendant in a trespass and non-payment of rent action brought by Abrava Way, Inc. in the District Court of Providence Plantations, Rhode Island (Civil Action No. 3CA-2019-12455). ¶15. Once again, Mr. Naylor complained to Pete Davis that Recleim and Recleim Nova were destroying Mr. Naylor's good credit history and Nova Services' good credit standing. *Id.*

**RESPONSE:** Defendant admits that on December 17, 2019, Nova Services was named as a co-defendant in a trespass and non-payment of rent action. Defendant denies that Mr. Naylor complained to Pete Davis that Recleim and Recleim Nova were destroying Mr. Naylor's good credit history and Nova Services' good credit standing.

19.

During the period from at least July 2019 through and including the date of this Affidavit, Recleim Nova has caused Nova Services to be billed and dunned due to Recleim Nova's failure to pay its debts as they come due, including, but not limited to, $1,309.95 which was owed to M & G Materials Handling Co. of East Providence, R.I. as of July 2, 2019; $522.31 which was owed to Service Tire Truck Centers of Bethlehem, PA. as of December 5, 2019; $1,652.00 which was owed to Pinnacle Heating & Air Conditioning, Inc. as of December 31, 2019; $13,466.40 which was owed to McClung-Logan Equipment Co. of Baltimore, MD. as of January 17, 2020; $534.29 which was owed to Cox Business for services provided to Recleim Nova at its Lincoln, R.I. facility; and $1,214.70 and $4,609.03 which amounts were owed to BG & E for services provided to Recleim Nova under two separate accounts, ¶16. Plaintiff Nova Services had no legal responsibility for any of the foregoing billings. *Id.*

**RESPONSE:** Defendants deny the allegations in Paragraph 19 of the Complaint.

20.

On more than one occasion in 2020, Mr. Davis has spoken about transferring some of Recleim Nova's assets to a company called "Blue Granite." ¶18. Mr. Naylor told Mr. Davis that it was not proper to gradually strip Recleim Nova of its assets. *Id.*

**RESPONSE:** Defendants deny the allegations in Paragraph 20 of the Complaint.

21.

On or about July 27, 2020, Mr. Naylor discovered that on February 3, 2020, Mr. Davis caused Blue Granite Logistics, LLC ("Blue Granite") to be formed as a Delaware limited liability company. ¶19. On February 7, 2020, Mr. Davis signed and filed an application with the South Carolina Secretary of State for a Certificate of Authority for Blue Granite to transact business in South Carolina. (*See* "Exhibit 1" attached to Mr. Naylor's Affidavit). *Id.* Recleim and Blue Granite have facilities and/or offices in Graniteville, South Carolina. Defendant LL Sea Investments LLC ("LL Sea") is identified on Mr. Davis' Application as the manager of Blue Granite, with the same address of Recleim, Recleim Nova and Peachtree, that is 34 Old Ivy Road NE, Suite 200, Atlanta, Georgia. *See* p. 2 of Exhibit 1 to Mr. Naylor's Affidavit, which is attached as Exhibit A to Plaintiffs Request for an Order directing the issuance of a writ of attachment before judgment against the Defendants.

**RESPONSE:** Defendants are without knowledge as to what Mr. Naylor believes he discovered and therefore deny any allegations as to Mr. Naylor's alleged "discoveries." Defendants admit that on February 7, 2020, Mr. Davis signed and filed an application with the South Carolina Secretary of State for a Certificate of Authority for Blue Granite to transact business in South Carolina. Defendants admit that Blue Granite and a Recleim subsidiary has offices in Graniteville, South Carolina. Defendants admit that Defendant LL Sea Investments LLC is identified on Mr. Davis' Application as the manager of Blue Granite, with the same address of Recleim, Recleim Nova and Peachtree, that is 34 Old Ivy Road NE, Suite 200, Atlanta, Georgia. Defendants are without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 21 of the Complaint and therefore, deny the allegations.

## 22.

On May 5, 2020, Mr. Naylor, as President of Nova Services, sent a notice of breach letter to Recleim Nova and Mr. Davis, *(see* "Exhibit 2" attached to Mr. Naylor's Affidavit). ¶20. Among other breaches of the APA described in the notice letter was Recleim's failure to satisfy liabilities arising from Recleim Nova's business operations, including the court cases described in paragraphs 17 and 18 above. *Id.* Nova Services' letter warned Recleim Nova and Mr. Davis that any transfer or encumbrance of assets would likely render Recleim Nova insolvent and any such transactions would constitute a violation of the Uniform Fraudulent Transfer Act. *Id.*

**RESPONSE:** Defendants admit that on May 5, 2020, Mr. Naylor, as President of Nova

Services, sent a notice of breach letter to Recleim Nova and Mr. Davis. Defendants admit only

that the letter described Recleim's alleged failure to satisfy liabilities arising from Recleim Nova's

business operations and warned Recleim Nova and Mr. Davis that any transfer or encumbrance of

assets would likely render Recleim Nova insolvent and any such transactions would constitute a

violation of the Uniform Fraudulent Transfer Act, but deny any wrongdoing and any other

remaining allegations of Paragraph 22 of the Complaint.

## 23.

Since sending Nova Services' May 5, 2020 notice of breach, Nova Services' President, Mr. Naylor, discovered that Mr. Davis caused Recleim Nova to assign, convey and/or remove from the State of Maryland valuable assets with the intent and effect of rendering Recleim Nova insolvent so as to defraud its creditors, including Nova Services. ¶ 21. As of July 31, 2020, Recleim Nova has already removed assets from the State of Maryland to Recleim's Philadelphia, Pennsylvania facility, including at least 20 van trailers (both 48 foot trailers and 53 foot trailers), each of which has a value of approximately $2,000.00. *Id.* At the time, Recleim Nova conveyed and/or removed those assets, it was and continues to be insolvent.

**RESPONSE:** Defendants are without knowledge as to what Mr. Naylor believes he

discovered and therefore deny any allegations as to Mr. Naylor's alleged "discoveries."

Defendants admit only that certain assets referenced were transferred in the normal course of

business, but deny any wrongdoing and deny that Recleim Nova or any other entity assigned,

conveyed or removed any valuable assets with the intent and effect of rendering Recleim Nova

insolvent so as to defraud its creditors. Defendants deny the remaining allegations of Paragraph

23 of the Complaint.

24.

On July 2, 2020, Nova Services' attorneys, Smith, Gildea & Schmidt, LLC, sent a notice of default letter to Recleim Nova and Mr. Davis concerning Recleim Nova's breach of the APA. (*See* "Exhibit 3" attached to Mr. Naylor's Affidavit). ¶22. The letter also notified Recleim Nova that conveyances made or created by it were in violation of the Maryland Uniform Fraudulent Conveyances Act and the Delaware Uniform Fraudulent Transfer Act. *Id.* Demand was made for Recleim Nova to provide Nova Services' attorneys with a complete description of all conveyances made by, and all property received by Recleim from, Recleim Nova so that arrangements could be made for the return of all such property. *Id.*

**RESPONSE:** Defendants admit only that the letter is accurately portrayed, but deny any

wrongdoing or that the letter supports any of Plaintiff's requested relief. Defendants deny any

remaining allegations of Paragraph 24.

25.

As of July 31, 2020, Recleim Nova has failed to furnish Nova Services' attorneys with a response to their July 2, 2020 letter. ¶23.

**RESPONSE:** Defendants admit that Recleim Nova did not respond to the July 2, 2020

letter by contacting Nova Services' attorneys before July 31, 2020, but deny any wrongdoing or

that this fact supports any of Plaintiff's requested relief.

26.

Nova Services' attorneys also sent a letter on behalf of Nova Services to Blue Granite Freight, LLC of Graniteville, South Carolina, on July 2, 2020, cautioning it about accepting conveyances from Recleim Nova or transferring to third parties property it received from Recleim Nova. ¶24. Upon information and belief, Blue Granite Freight, LLC is affiliated with Blue Granite Logistics, LLC and controlled by Pete Davis or Peachtree. *Id.* As of July 31, 2020, Nova Services' attorneys have not received a response from Blue Granite Freight, LLC. *Id.*

**RESPONSE:** Defendants admit that Nova Services' attorneys also sent a letter on behalf

of Nova Services to Blue Granite Freight, LLC of Graniteville, South Carolina, on July 2, 2020,

cautioning it about accepting conveyances from Recleim Nova or transferring to third parties

property it received from Recleim Nova and that Blue Granite Freight, LLC did not respond to the

-10-

July 2, 2020 letter by contacting Nova Services' attorneys. Defendants admit that Blue Granite

Freight, LLC is affiliated with Blue Granite Logistics, LLC and controlled by Mr. Davis.

Defendants deny any wrongdoing and any remaining allegations of Paragraph 26 of the Complaint.

27.

Having already removed 20 van trailers to Philadelphia, Recleim Nova is likely to assign, dispose of, conceal, or remove the following property or a portion of it from the state of Maryland with the intent to defraud Nova Services and its other creditors:

CAT 320 Excavator with an approximate value of $15,000.00
Volvo LI20 Loader with an approximate value of $20,000.00
1 Horizontal baler with an approximate value of $25,000.00
1 Horizontal baler with an approximate value of $10,000.00
At least 10 Downstroke balers with an approximate value of $2,000.00 each
1 Shear Shredder with an approximate value of $10,000.00
2 Styrofoam densifiers with an approximate value of $10,000.00 each. ¶25.

**RESPONSE:** Defendants deny that Recleim Nova is likely to assign, dispose of, conceal,

or remove the following property or a portion of it from the state of Maryland with the intent to

defraud Nova Services or any other creditors and that it removed any property to Philadelphia for

an improper purpose. Defendants deny any remaining allegations of Paragraph 27 of the

Complaint.

28.

The above-described property is located in a part of the warehouse and storage space previously leased by Recleim Nova at 2500 Grays Road, Dundalk, Maryland. Recleim Nova owes its former landlord over $167,882.23 of unpaid rent according to a Petition filed in the District Court of Maryland for Baltimore County on July 21, 2020. ¶26.

**RESPONSE:** Defendants deny the allegations of Paragraph 28.

29.

As established by facts contained in the Affidavit of Guy T. Naylor, Plaintiff Nova Services will sustain immediate, substantial and irreparable harm unless this Court grants relief necessary to prevent the Defendants from removing the property described in paragraph 27 out of the State of Maryland.

**RESPONSE:** Defendants deny the allegations of Paragraph 29.

30.

As the direct and proximate result of the intentional and fraudulent acts of the Defendants, Plaintiff Nova Services has sustained damages and losses in excess of the $3,449,567.71 that Recleim Nova owes under to the May 5, 2017 Asset Purchase Agreement.

**RESPONSE:** Defendants deny the allegations of Paragraph 30.

<u>**COUNT ONE**</u>
**(Action Against All Defendants to Set Aside and Annul Fraudulent Conveyances)**

31.

Plaintiff Nova Services Inc. hereby incorporates by reference the statements contained in Paragraphs 1 through 30 as if the same were fully set forth in this First Count.

**RESPONSE:** Defendants incorporate their answers to Paragraphs 1 through 30 as if the

same were set forth in full herein.

32.

As defined in CL § 15-201, "'Conveyance' includes every payment of money, assignment, release, transfer, lease, mortgage, or pledge of tangible or intangible property, and also the creation of any lien or encumbrance."

**RESPONSE:** Paragraph 32 states a legal conclusion for which no response is necessary.

33.

Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of CL § 15-204, Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Reclaim Nova's assets, without fair consideration and/or when either Recleim Nova was insolvent or it was rendered insolvent as a result of such transfers.

**RESPONSE:** Defendants deny the allegations of Paragraph 33.

34.

Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of CL § 15-205, Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Reclaim Nova's assets, as a result of which transaction the property remaining in the hands of Recleim Nova was an unreasonably small capital.

**RESPONSE:** Defendants deny the allegations in Paragraph 34 of the Complaint.

35.

Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of CL § 15-206, Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Reclaim Nova's assets and/or incurred obligations, without fair consideration, and/or Defendants either knew or should have known that burdening Recleim Nova with such obligations was fraudulent as to Nova Services because such obligations were beyond Recleim Nova's ability to pay them as they matured.

**RESPONSE:** Defendants deny the allegations in Paragraph 35 of the Complaint.

36.

Defendant Blue Granite Logistics, LLC is neither a bona fide purchaser of Recleim Nova's assets nor a bona fide creditor of Recleim Nova, because all transactions between Blue Granite and Recleim Nova lacked fair consideration and Blue Granite had knowledge of the fraud committed by Recleim Nova, Recleim and Pete Davis at the time of Blue Granite's purchase of assets or at the time it extended credit to Recleim Nova.

**RESPONSE:** Defendants deny the allegations in Paragraph 36 of the Complaint.

37.

Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Reclaim Nova's assets with actual intent to hinder, delay and defraud Nova Services in violation of CL § 15-207.

**RESPONSE:** Defendants deny the allegations in Paragraph 37 of the Complaint.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against the Defendants, Recleim Nova, LLC, Recleim LLC and Blue Granite Logistics, LLC, setting aside and annulling all such conveyances, and appoint a receiver or trustee to carry out such actions as the Court deems necessary to implement its judgment, and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus post-judgment interest and costs.

**RESPONSE:** Defendants deny Plaintiff is entitled to any relief, including, but not limited

to, the relief sought in the above paragraph. Defendants deny engaging in any wrongdoing and

deny that Plaintiff is entitled to any relief whatsoever against Defendants in this action.

## COUNT TWO
**(Breach of Contract Action v. Defendants Recleim and Recleim Nova)**

38.

Plaintiff Nova Services Inc. hereby incorporates by reference the statements contained in Paragraphs 1 through 30 as if the same were fully set forth in this Second Count.

**RESPONSE:** Defendants incorporate their answers to Paragraphs 1 through 37 as if the same were set forth in full herein.

39.

Plaintiff duly performed all of its obligations under the Asset Purchase Agreement described above. Nevertheless, Defendants Recleim and Recleim Nova, without just cause or excuse, materially breached the APA by failing to pay Nova Services the balance of the purchase price of $3,449,567.71, by failing to provide Nova Services with audited financial statements for Recleim Nova for the tax years of 2018 and 2019, and by failing to hold Nova Services harmless from obligations that Recleim Nova had either assumed or for which it was solely and legally responsible.

**RESPONSE:** Defendants deny that Plaintiff duly performed all of its obligations under the Asset Purchase Agreement described above. Defendants deny that Recleim and Recleim Nova, without just cause or excuse, materially breached the APA by failing to pay Nova Services the balance of the purchase price of $3,449,567.71, by failing to provide Nova Services with audited financial statements for Recleim Nova for the tax years of 2018 and 2019, and by failing to hold Nova Services harmless from obligations that Recleim Nova had either assumed or for which it was solely and legally responsible.

40.

As a direct and proximate result of said breaches by Defendants Recleim and Recleim Nova, Plaintiff Nova Services has been caused to sustain losses of more than of $3,449,567.71.

**RESPONSE:** Defendants deny the allegations in Paragraph 40 of the Complaint.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against Defendants Recleim Nova, LLC and Recleim LLC and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre- and post-judgment interest and costs.

**RESPONSE:** Defendants deny Plaintiff is entitled to any relief, including, but not limited

to, the relief sought in the above paragraph. Defendants deny engaging in any wrongdoing and deny that Plaintiff is entitled to any relief whatsoever against Defendants in this action.

**COUNT THREE**
**(Fraud Action v. All Defendants)**

41.

Plaintiff Nova Services Inc hereby incorporates by reference the statements contained in Paragraphs 1 through 30 as if the same were fully set forth in this Third Count.

**RESPONSE:** Defendants incorporate their answers to Paragraphs 1 through 40 as if the same were set forth in full herein.

42.

Defendants, and each of them, have acted intentionally and maliciously to defraud and deceive Nova Services and to hide and conceal Recleim Nova's assets as described in paragraphs 21 and 23.

**RESPONSE:** Defendants deny the allegations in Paragraph 42 of the Complaint.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against Defendants Recleim Nova, LLC, Recleim LLC and Blue Granite Logistics, LLC and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00, plus pre- and post-judgment interest and costs.

**RESPONSE:** Defendants deny Plaintiff is entitled to any relief, including, but not limited to, the relief sought in the above paragraph. Defendants deny engaging in any wrongdoing and deny that Plaintiff is entitled to any relief whatsoever against Defendants in this action.

**GENERAL DENIAL**

All allegations not specifically admitted are denied. All relief requested is specifically denied.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendants hereby set forth the following affirmative and additional defenses to the Complaint, but Defendants do not assume the burden of proof on any of these defenses except as

required by applicable law with respect to a particular defense asserted. Defendants further reserve the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Plaintiff's breach of contract claim against Recleim, LLC and Recleim Nova, LLC fails because they did not breach the parties' Asset Purchase Agreement with Plaintiff.

## SECOND DEFENSE

Plaintiff materially breached the Asset Purchase Agreement in numerous respects and made false representations in the Asset Purchase Agreement. Therefore, any conduct by Recleim, LLC or Recleim Nova, LLC that violates the terms of the Asset Purchase Agreement is excused.

## THIRD DEFENSE

Plaintiff's breach of contract claim against Recleim, LLC and Recleim Nova, LLC fails because any alleged nonperformance or breach of contract is incidental to the object of the contract and/or not material.

## FOURTH DEFENSE

Plaintiff's claims fail because the alleged transactions complained of did not violate any contractual or other obligation to Plaintiff or violate any applicable legal principle.

## FIFTH DEFENSE

Plaintiff's claims fail because, as expressly agreed to by Plaintiff, Recleim and Recleim Nova did not have an obligation to operate the business in a manner to achieve any deferred purchase price payment or to maximize such amount.

## SIXTH DEFENSE

Plaintiff's claims fail because, as expressly agreed to by Plaintiff, Recleim and Recleim Nova have sole discretion with regard to all matters relating to the operation of the business.

## SEVENTH DEFENSE

Plaintiff's claims against Defendants fail because it, and its principal Guy Naylor, have unclean hands, including but not limited to their respective breaches of the APA and Mr. Naylor's employment agreement. This includes, but is not limited to, their respective violations of their non-competition obligations.

## EIGHTH DEFENSE

Plaintiff's claims against Defendants fail because this Court is not the proper venue for the dispute, including because the parties agreed in the Asset Purchase Agreement that the federal and state courts of Delaware have exclusive jurisdiction over any legal suit, action or proceeding arising out of or based upon the Asset Purchase Agreement or transactions contemplated therein. Defendants intend to move pursuant to 28 U.S.C. § 1404 to transfer venue pursuant to the forum selection clause agreed to by Plaintiff, Recleim and Recleim Nova.

## NINTH DEFENSE

Plaintiff's claims against Defendants fail because Maryland law does not apply in whole or in part for this dispute, including because the parties agreed in the Asset Purchase Agreement that Delaware law applies to the Agreement.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by and improper under the Agreement and Release entered into by Plaintiff, Guy Naylor, Recleim and Recleim Nova on January 3, 2019, in which Plaintiff and Mr. Naylor, in exchange for good and valuable consideration in the form of a payment of $1.6 million, agreed to "fully and forever release and discharge Recleim, Recleim Nova and any and all of their respective affiliates, officers, directors, principals, partners, members, controlling persons, trustees, representatives, agents, heirs, successors, assigns, and employees (the "Releasees") from any and all claims, charges, complaints, damages, demands,

suits, liabilities, judgments or causes of action of any kind or nature whatsoever, presently known or unknown, direct or consequential, equitable or legal, foreseen or unforeseen, matured or unmatured, developed or undeveloped, concealed or unconcealed, which the Releasors might have had, may now have, or may claim to have, from the beginning of time until the date of this Agreement (the "Potential Claims") related in any way or otherwise connected in any way to . . . the operation of the business of Recleim, Recleim Nova or any of their Affiliates." Plaintiff and Mr. Naylor also agreed that this Agreement and Release may be pleaded by the Releasees as a complete defense and used as the basis for an injunction against any proceeding brought or maintained against any of them.

## ELEVENTH DEFENSE

To the extent Plaintiff is entitled to any recovery, which Defendants deny, Defendants are entitled to offset for prior payments made.

## TWELFTH DEFENSE

Plaintiff's claims against Defendants are barred by accord and satisfaction.

## THIRTEENTH DEFENSE

Plaintiff's claims against Defendants fail because all actions taken by Defendants were taken in good-faith, in the normal course of business, and/or at Plaintiff's and Mr. Naylor's request or consent.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this litigation.

## COUNTERCLAIMS

Recleim Nova, LLC and Recleim, LLC, ("Counterclaim-Plaintiffs"), by and through counsel, hereby file their Counterclaims against Nova Services, Inc. ("Counterclaim-Defendant"), and respectfully show the Court as follows:[1]

1.

Counterclaim-Plaintiffs bring these counterclaims to seek damages for Counterclaim-Defendant's wrongful actions in connection with the May 5, 2017 Asset Purchase Agreement entered into by Counterclaim-Defendant, Recleim, LLC, and Recleim Nova, LLC (the "APA"). Attached hereto as Exhibit A is a true and correct copy of the APA.

### PARTIES

2.

Upon information and belief, Counterclaim-Defendant Nova Services, Inc. is a Maryland corporation.

3.

Counterclaim-Plaintiff Recleim Nova, LLC ("Recleim Nova") is a Delaware limited liability company with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia.

4.

Counterclaim-Plaintiff Recleim, LLC ("Recleim") is a Delaware limited liability company with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia.

### JURISDICTION

---

[1] The Asset Purchase Agreement between Recleim, Recleim Nova and Nova Services provides that the federal and state courts of Delaware have exclusive jurisdiction over any legal suit, action or proceeding arising out of or based upon the Asset Purchase Agreement or transactions contemplated therein. Defendants/Counterclaim-Plaintiffs intend to move pursuant to 28 U.S.C. § 1404 to transfer venue pursuant to this forum selection clause. By filing these counterclaims, Defendants/Counterclaim-Plaintiffs do not waive any rights under the Asset Purchase Agreement or under 28 U.S.C. § 1404.

5.

This Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the Counterclaim-Plaintiffs and the Counterclaim-Defendant under 28 U.S.C. § 1332.

6.

This Court also has supplemental jurisdiction over this action under 28 U.S.C. § 1367.

7.

Counterclaim-Defendant is subject to the jurisdiction of this Court. Counterclaim-Defendant is also subject to the jurisdiction of the courts sitting in the state of Delaware, pursuant the APA between Counterclaim-Defendant, Recleim and Recleim Nova, which provides that the federal and state courts of Delaware have exclusive jurisdiction over any legal suit, action or proceeding arising out of or based upon the Asset Purchase Agreement or transactions contemplated therein.

8.

Venue in the state courts of Delaware located in the City of Wilmington and County of New Castle over the claims of Recleim and Recleim Nova is proper, as the APA expressly contemplates venue in these courts over such claims. Likewise, venue over the claims Recleim and Recleim Nova in the federal courts of Delaware located in the City of Wilmington and County of New Castle is proper, as the APA expressly contemplates venue in these courts over such claims.

**FACTS AND ALLEGATIONS**

9.

Counterclaim-Defendant, as seller, and Recleim and Recleim Nova as buyers, entered into the APA dated May 5, 2017 for the purchase and sale of certain rights and obligations (collectively,

the Purchased Assets and the Assumed Liabilities"). The form of the transaction was an asset purchase. Among other consideration provided to Counterclaim-Defendant, Recleim Nova paid Counterclaim-Defendant $750,000 at closing, and Recleim issued certain Class C Interests in the equity of Recleim.

10.

Section 2.01 of the APA states, in part, the following: "Subject to the terms and conditions set forth herein, Seller shall sell, assign, transfer, convey and deliver to Buyer, and Buyer shall purchase from Seller, all of Seller's right, title and interest to all assets, properties, rights and interests, of any kind and description (whether real or personal, tangible or intangible, fixed, contingent or otherwise), wherever located and by whomever possessed, in any way related to, or used in, the Business, other than the Excluded Assets (collectively, the '**Purchased Assets**'), free and clear of any Encumbrance."

11.

Section 4.03 of the APA states, in part, "[e]xcept as set forth in Section 4.03 of the Disclosure Schedules, Seller owns and has good title to the Purchased Assets, free and clear of Encumbrances."

12.

Prior to, at the time of, and after the execution of the APA, Counterclaim-Defendant represented that it was capable of performing, and intended to perform, all of its obligations under the APA.

13.

Counterclaim-Defendant did not intend to perform all of its obligations under the APA. It also misrepresented in the APA its compliance with all laws, including its compliance with various employment laws, when it knew or should have known it was not in compliance with all such laws.

14.

After execution of the APA, Counterclaim-Defendant did not provide good and clear title to certain of the Purchased Assets, including trailers that were in the name of Counterclaim-Defendant.

15.

After execution of the APA, despite having agreed to a non-competition covenant in the APA, without permission, Counterclaim-Defendant engaged in competitive business activities, namely running the substantially same business, within the prohibited territory, the United States. This conduct directly violated its non-competition obligations. This conduct diverted business and business opportunities from Recleim Nova to Counterclaim-Defendant. In addition, with the support of Counterclaim-Defendant, Counterclaim-Defendant's President, Guy Naylor, violated his non-competition obligations to Recleim Nova.

16.

In competing against Recleim Nova, without permission, Counterclaim-Defendant used and disclosed confidential information regarding Recleim Nova's business, including but not limited to its operation methods, pricing and customer and business relation information. This violated Counterclaim-Defendant's obligation under the APA to "hold in confidence at all times following Closing all Confidential Information and [not to] disclose, publish, or make use of

Confidential Information at any time following the date [of Closing] with the prior written consent of" Recleim Nova.

17.

On January 3, 2019, Nova Services, Guy Naylor (Nova Services' President), Recleim, and Recleim Nova entered into an Agreement and Release in which Recleim agreed to pay $1.6 million by wire transfer of immediately available funds an account designated in writing by Mr. Naylor. In exchange, Nova Services and Mr. Naylor agreed to "fully and forever release and discharge Recleim, Recleim Nova and any and all of their respective affiliates, officers, directors, principals, partners, members, controlling persons, trustees, representatives, agents, heirs, successors, assigns, and employees (the "Releasees") from any and all claims, charges, complaints, damages, demands, suits, liabilities, judgments or causes of action of any kind or nature whatsoever, presently known or unknown, direct or consequential, equitable or legal, foreseen or unforeseen, matured or unmatured, developed or undeveloped, concealed or unconcealed, which the Releasors might have had, may now have, or may claim to have, from the beginning of time until the date of this Agreement (the "Potential Claims") related in any way or otherwise connected in any way to the Class C Interests or the operation of the business of Recleim, Recleim Nova or any of their Affiliates."

18.

Nova Services and Mr. Naylor also agreed that the January 3, 2019 Agreement and Release may be pleaded by Recleim and Recleim Nova as a complete defense and used as the basis for an injunction against any proceeding brought or maintained against any of them.

19.

Recleim and Recleim Nova complied with the January 3, 2019 Agreement and Release by making the $1.6 million payment.

20.

Despite entering into the January 3, 2019 Agreement and Release, and despite Recleim and Recleim Nova's compliance with such agreement, in contravention of its commitment under this agreement, on August 3, 2020 Counterclaim-Defendant brought the instant lawsuit against Recleim and Recleim Nova in the Circuit Court of Baltimore County, Maryland. Through this lawsuit, which it has continued to maintain, Counterclaim-Defendant is asserting claims it waived through the January 3, 2019 Agreement and Release.

**COUNT I**
**BREACH OF CONTRACT [ASSET PURCHASE AGREEMENT]**
**(By Recleim Nova, LLC and Recleim, LLC)**

21.

Counterclaim-Plaintiffs repeat and reallege by reference each of the facts and allegations stated in the foregoing paragraphs 1 through 20 as if fully stated herein.

22.

The APA is a valid contract between Counterclaim-Defendant and Counterclaim-Plaintiffs. Counterclaim-Defendant received good and valuable consideration for entering into such agreement.

23.

Counterclaim-Plaintiffs materially complied with the APA prior to any material breaches of the APA by Counterclaim-Defendant as described below.

24.

Counterclaim-Defendant breached the APA in numerous respects, including:

(a)  by its failure to provide good and clear title to Recleim Nova  all of the Purchased Assets as set forth in the APA, including trailers purchased by Recleim Nova;

(b)  failing to provide Recleim Nova with the Purchased Assets in the manner intended for their use in the business;

(c)  misrepresenting its compliance with all applicable laws;

(d)  breaching its covenant not to compete, by performing competitive services and carrying on a competitive business during the restricted period in the United States under the APA;

(e)  breaching its confidentiality obligations, through its use of confidential information in order to perform competitive services and carry on a competitive business in contravention of the APA.

25.

As a direct and proximate result of Counterclaim-Defendant's breaches, Counterclaim-Defendants have suffered damages in an amount to be proven at trial.

26.

Recleim and Recleim Nova are entitled to compensatory damages in an amount to be proven at the trial of this action.

## COUNT II
## BREACH OF CONTRACT [JANUARY 3, 2019 RELEASE AND AGREEMENT]
### (By Recleim Nova, LLC and Recleim, LLC)

27.

Counterclaim-Plaintiffs repeat and reallege by reference each of the facts and allegations stated in the foregoing paragraphs 1 through 26 as if fully stated herein.

28.

The January 3, 2019 Release and Agreement is a valid contract between Counterclaim-Defendant and Counterclaim-Plaintiffs. Counterclaim-Defendant received good and valuable consideration for entering into such agreement.

29.

Counterclaim-Plaintiffs complied with the January 3, 2019 Release and Agreement through the $1.6 million payment descried therein.

30.

Despite this, Counterclaim-Defendant has materially breached the January 3, 2019 Release and Agreement by bringing forth claims released pursuant to that agreement.

31.

As a direct and proximate result of Counterclaim-Defendant's breach, Counterclaim-Defendants have suffered damages in an amount to be proven at trial.

32.

In addition to being entitled to compensatory damages, Counterclaim-Defendants are also entitled to injunctive relief.

WHEREFORE, having stated its counterclaims, affirmative, and additional defenses and having responded to the specific allegations contained in the Complaint, Defendants and Counterclaim-Plaintiffs respectfully pray as follows:

(A)     that judgment be rendered for Defendants and Counterclaim-Plaintiffs and against Plaintiff and Counterclaim-Defendant and award Counterclaim-Plaintiffs compensatory damages in an amount to be proven;

(B)     that injunctive relief be granted, enjoining Plaintiff from pursuing released claims;

(C)     that Plaintiff's Complaint be dismissed in its entirety with prejudice;

(D)     that costs and attorneys' fees be assessed against Plaintiff and Counterclaim-Defendant as provided by applicable law; and

(E)     that Defendants and Counterclaim-Defendant be awarded  other and further relief as it deems just and appropriate.


Dated:  October 28, 2020                    Respectfully submitted,

*/s/ Ryan M. Bates*_____
Ryan M. Bates (Bar No. 20595)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1596
rbates@huntonak.com

*Attorney for Defendants and Counterclaim-Plaintiffs Recleim Nova, LLC, Recleim, LLC, Blue Granite Logistics, LLC, and Defendant LL Sea Investments, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2020, a copy of the foregoing DEFENDANTS RECLEIM NOVA, LLC, RECLEIM, LLC, BLUE GRANITE LOGISTICS, LLC, AND LL SEA INVESTMENTS, LLC'S ANSWER AND DEFENSES TO THE COMPLAINT was electronically filed and served through the Court CM/ECF system upon the counsel below, and served upon parties via electronic mail as noted below:

Michael Paul Smith
Stephen J. Nolan
Carmelo Morabito
Smith, Gildea & Schmidt, LLC
600 Washington Avenue, Suite 200
Towson, Maryland 21204
mpsmith@sgs-law.com
snolan@sgs-law.com
cmorabito@sgs-law.com
*Attorneys for Plaintiff Nova Services, Inc.*

*/s/ Ryan M. Bates*
Ryan M. Bates