# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NOVA SERVICES, INC.     *

    Plaintiffs,     *

      v.     *     **Civil Action No. RDB-20-2773**

RECLEIM NOVA, LLC, *et al.*,     *

    Defendants.     *

    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM ORDER</u>

Plaintiff Nova Services, Inc. ("Nova Services") brings this suit against Defendants Recleim Nova, LLC, and Recleim, LLC (collectively "Recleim"), as well as Blue Granite Logistics, LLC ("Blue Granite"), and LL Sea Investments, LLC ("LL Sea") (altogether "Defendants"), alleging fraudulent conveyance, breach of contract, and fraud. (ECF No. 2.) Nova Services originally filed this case in the Circuit Court for Baltimore County. (*See* Case No. C-03-CV-20-002957). On September 23, 2020, the Defendants removed this case to this Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332. (ECF No. 1.) Presently pending is the Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (ECF No. 15). The Defendants claim there is a valid and enforceable forum-selection clause in the Asset Purchase Agreement entered into by Nova Services and Defendants Recleim, and, therefore, this action should be transferred to the United States District Court for the District of Delaware. (ECF No. 15-1.) The parties' submissions have been reviewed, and no hearing is

necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the Defendants'

Motion to Transfer Venue (ECF No 15) is GRANTED. Accordingly, this case will be

transferred to the U.S. District Court for the District of Delaware.

## BACKGROUND

When evaluating a motion to transfer, this Court accepts the factual allegations in the

plaintiff's complaint as true. *Cosmopolitan Inc. v. PNC Bank, Nat'l Ass'n*, No. GLR-19-2744,

2020 WL 4287439 (D. Md July 27, 2020). Plaintiff Nova Services is a Maryland corporation

engaged in appliance recovery and recycling. (ECF No. 2 ¶ 6.) On June 17, 2016, Nova

Services received a proposal from Defendants Recleim to purchase substantially all of Nova

Services' assets. (*Id.* ¶ 7.) After months of negotiations, the parties entered into an Asset

Purchase Agreement ("APA") on May 5, 2017. (Ex. A, ECF No. 15-1.) The APA includes a

"Governing Law" section, which provides that "[t]his Agreement shall be governed by and

construed in accordance with the internal laws of the State of Delaware without giving effect

to any choice or conflict of law provision or rule (whether of the State of Delaware or any

other jurisdiction)." (Ex. A § 8.10, ECF No. 15-1.) The APA then includes a forum-selection

clause, titled "Submission to Jurisdiction," which states the following:

> Any legal suit, action or proceeding arising out of or based upon this Agreement
> or the transactions contemplated hereby may be instituted in the federal courts
> of the United States of America or the courts of the State of Delaware in each
> case located in the city of Wilmington and county of New Castle, and each party
> irrevocably submits to the exclusive jurisdiction of such courts in any such suit,
> action or proceeding.

(Ex. A § 8.11, ECF No. 15-1.)

On February 3, 2020, the managing principal of Recleim Nova, Pete Davis, created

Blue Granite, another Delaware limited liability company. (*Id.* ¶ 21.) In an application to

transact business in the State of South Carolina, Mr. Davis provided LL Seas, a Georgia limited liability company, as the manager of Blue Granite. (*Id.* ¶ 21.) Nova Services now alleges that the Defendants Recleim breached the terms of the APA in several respects, and that all the Defendants participated in fraudulent conveyances of Nova Services' assets and intentionally and maliciously sought to defraud Nova Services and to hide and conceal its assets. (*Id.* ¶¶ 31-42.) On August 3, 2020, Nova Services filed suit in the Circuit Court for Baltimore County, Maryland. (*See* Case No. C-03-CV-20-002957). The Defendants removed the case to this Court on September 3, 2020. (ECF No. 1.) On October 30, 2020, the Defendants then filed the presently pending Motion to Transfer Venue (ECF No. 15.)

## ANALYSIS

Defendants move to transfer this suit under 28 U.S.C. § 1404(a). (ECF No. 15.) Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." The movant bears the burden of showing that a transfer is in the interest of justice. *See Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004). A district court has great discretion in determining whether to transfer a case under Section 1404(a). *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Learch*, 523 U.S. 26, 34 (1998). The decision to transfer an action under Section 1404(a) is made according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Ordinarily, the Court must consider (1) the weight accorded plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of

justice.  *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008).  However, when there is a valid forum selection clause, a court should enforce such clause unless it would be unreasonable to do so.  *See M/S Bremem z. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).  The United States Court of Appeals for the Fourth Circuit has stated that "[a] general maxim in interpreting forum-selection clauses is that an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion."  *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007) (internal quotations and citation omitted) (emphasis in original).  As such, a forum selection clause can be either mandatory or permissive.  *BAE Sys. Tech. Sol. & Servs., Inc.*, 884 F.3d 463, 470 (4th Cir. 2018).

The forum selection clause in the APA is mandatory.  As the Fourth Circuit explained in *BAE Systems*, "[a] forum selection clause is permissive unless it contains 'specific language of exclusion.'"  *Id.* at 472.  In this case, the forum selection clause includes precisely such "language of exclusion" when it states that "each party irrevocably submits to the *exclusive jurisdiction* of such courts in any such suit, action or proceeding."  (*See* Ex. A § 8.11, ECF No. 15-1 (emphasis added).)  Courts have routinely held that such language renders a forum selection clause mandatory.  *See, e.g.*, *Overseas Ventures, LLC v. ROW Mgmt., Ltd., Inc.*, No. PAE-12-1033, 2012 WL 5363782, at *4 (S.D.N.Y. Oct. 26, 2012) (holding that a forum selection clause that states each party "irrevocably agrees to submit to the exclusive jurisdiction" of a court "is classically mandatory").  Further, the court *Whitaker v. Monroe Staffing Services, LLC*, addressed a forum selection clause with almost identical language to the one in the case at hand, and in that case, the court clearly held that "the word 'may' 'does not negate the mandatory nature of the forum selection clause.'"  No. 1:20-CV-012, 2020 WL 3469837, at *3

(M.D.N.C. June 25, 2020) (quoting *Fear & Fear, Inc. v. N.I.I. Brokerage, L.L.C.*, 851 A.D.3d 185, 188 (N.Y. 2008)). In this case, the word "may" merely makes clear that the plaintiff has a choice between state or federal court. *See Fear & Fear*, 50 A.D.3d at 187.

Mandatory forum selection clauses, are "prima facie valid" and enforceable unless "shown by the resisting party to be 'unreasonable' under the circumstances." *Bremen*, 407 U.S. at 10. A forum selection clause is unreasonable if: (1) it was "induced by fraud or over-reaching;" (2) the opposing party "'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum;" (3) "the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy;" or (4) "enforcement would contravene a strong public policy of the forum state." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 651 (4th Cir. 2010) (quoting *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)). Nova Services does not contest the validity and enforceability of the APA forum selection clause—instead, it merely argues that the clause is permissive. (*See* ECF No. 18.) Moreover, litigating in the U.S. District Court for the District of Delaware will not deprive the parties of their day in court; the chosen law does not unfairly deprive Nova Services of a remedy if it were to prevail in this action; and enforcement of the clause does not contravene public policy of either Maryland or Delaware. Further, there are no allegations that the clause was induced by fraud or over-reaching. Therefore, the forum selection clause is valid and enforceable.

Accordingly, this 11th Day of January, 2020, it is HEREBY ORDERED that:

1. Defendants' Motion to Transfer Venue (ECF No. 15) is GRANTED;

2. Pursuant to 28 U.S.C. § 1404(a) this case will be transferred to the United States District Court for the District of Delaware;

3. The Clerk of the Court shall CLOSE THIS CASE; and

4. The Clerk of the Court shall transmit a copy of this Order to counsel of record.


_____/s/_____
Richard D. Bennett
United States District Judge